**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSEPH F. CUNNINGHAM PENSION
PLAN; JOSEPH F. CUNNINGHAM,
Trustee on behalf of the Joseph F.
Cunningham Pension Plan,
<u>Plaintiffs-Appellants,</u>

v.

No. 97-2230

LINDA MATHIEU; TEFRA,
INCORPORATED,
<u>Defendants-Appellees,</u>

and

DAVID D. HUDGINS,
<u>Defendant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-94-2789-CCB)

Argued: May 6, 1998

Decided: July 6, 1998

Before WILKINSON, Chief Judge, LUTTIG, Circuit Judge, and
BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Joseph Francis Cunningham, CUNNINGHAM & ASSO-CIATES, Alexandria, Virginia, for Appellants. Cynthia J. Morris, PIPER & MARBURY, L.L.P., Washington, D.C., for Appellees. **ON BRIEF:** Kimberly A. Rushton, CUNNINGHAM & ASSOCIATES, Alexandria, Virginia, for Appellants.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

The Joseph F. Cunningham Pension Plan ("the Plan") and Joseph F. Cunningham ("Cunningham") brought an action against Linda Mathieu and TEFRA, Inc. (collectively, "Mathieu"), seeking damages for breach of fiduciary duty under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Cunningham and the Plan (collectively, "the plaintiffs") now appeal the district court's grant of summary judgment in favor of Mathieu. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

I

From 1985 to 1990 Cunningham and David Hudgins ("Hudgins") were partners in the law firm of Cunningham & Hudgins. The partners and employees of that firm were participants in the Plan. Cunningham was trustee of the Plan. In 1989 the Plan hired Mathieu as plan administrator. In 1990 the firm dissolved acrimoniously. Hudgins established a successor law firm, and Mathieu began working as an ERISA plan administrator for that firm while continuing to serve as administrator for the Plan.

The Plan reserved to Cunningham, as the employer, the power to amend the Plan. In 1991 Mathieu asked Cunningham, as the employer

2

and trustee of the Plan, to sign documents amending the Plan. Mathieu told Cunningham that the amendments were necessary to bring the Plan into compliance with the 1986 Tax Reform Act. However, the documents also amended the Plan in other respects. Previously, the Plan had provided for payment of benefits when participants reached a designated retirement age. As amended, the Plan permitted participants to receive the vested portion of their accrued benefits, reduced to present value, after a one-year break in service. Mathieu did not inform Cunningham that the documents that she had provided him would result in this amendment.

Cunningham initially signed the documents without reading the amendments to the Plan and thus did not realize that the amended Plan provided for early payout of benefits. In January 1992 Cunningham asked Mathieu to delay sending the revisions to the Internal Revenue Service so that he could review the documents. The amendments nevertheless went into force.

In 1992 Hudgins requested payment of the present value of his vested benefits pursuant to the amended Plan. This request brought the amendments to Cunningham's attention. In response to Hudgins' request, Mathieu performed actuarial calculations to determine the present value of the vested portion of Hudgins' accrued benefit. She determined that Hudgins was entitled to $58,703. Believing that figure to be too high, Cunningham hired Steven Ostrander ("Ostrander") to recalculate the benefits. Ostrander determined that Hudgins was entitled to $25,000. Hudgins refused Cunningham's offer of that amount and brought suit in district court ("the Hudgins litigation") seeking payment of the higher figure. The district court awarded Hudgins an amount less than that calculated by Mathieu but more than that calculated by Ostrander. No attorneys' fees were awarded in the Hudgins litigation.

The plaintiffs brought this action to recover the costs of the Hudgins litigation. The district court dismissed the claims against Hudgins and then granted summary judgment in favor of Mathieu on the remaining claims. This timely appeal followed.

II

We review de novo a grant of summary judgment. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). Summary judgment is appropriate

3

if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. Id. (citing Fed. R. Civ. P. 56(c)).

III

On appeal, the plaintiffs argue that the district court erred in holding (1) that Mathieu did not breach any fiduciary duty to the Plan in recommending amendments to it without informing Cunningham of the effect of those amendments and (2) that Mathieu did not cause any harm to the Plan in miscalculating Hudgins' benefits because Hudgins would have brought suit anyway. We affirm on alternate grounds. See Thigpen v. Roberts, 468 U.S. 27, 30 (1984).

ERISA provides that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach . . . ." 29 U.S.C. § 1109(a). Mathieu was a person designated by the employer as the plan administrator and thus was a fiduciary under ERISA. See id. § 1102(a)(2). She may be held liable under § 1109(a) for any losses resulting from a breach of her fiduciary duty.

The plaintiffs argue that Mathieu breached her fiduciary duty under § 1104(a)* by making or recommending amendments to the Plan without apprising Cunningham of the effect of those amendments. Even if Mathieu breached her fiduciary duty in this regard, the plaintiffs cannot recover in this instance. To recover under § 1109(a), the plaintiffs must demonstrate a "loss" to the Plan. But the plaintiffs do not seek to recover the losses, if any, caused by Mathieu's role in adopting the amendments. See Appellants' Opening Brief at 18-19 ("[The plaintiffs] did not sue to recover the losses caused by the Mathieu amendments, mandating lump sum payouts after a one year break in service to Hudgins, in that the Plan remained liquid and

_____

*Section 1104(a)(1) provides, in pertinent part, that "a fiduciary shall discharge his [or her] duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . in accordance with the documents and instruments governing the plan . . . ."

4

funding adjustments were made to hopefully avoid prospective under-funding."). Because the plaintiffs do not claim that the Plan suffered a loss resulting from the early payout itself, they cannot recover for Mathieu's breach of fiduciary duty, if any, in recommending or making amendments to the Plan.

The plaintiffs seek instead to recover the costs of the Hudgins litigation. The plaintiffs contend that these litigation costs derived from Mathieu's miscalculation of Hudgins' benefits. According to the plaintiffs, had Hudgins accepted Cunningham's offer of $25,000, the litigation would not have occurred, and the Plan would not have incurred any losses. Hudgins refused Cunningham's offer, plaintiffs contend, as a result of Mathieu's earlier miscalculation.

Mathieu is not liable as a fiduciary in regard to her calculation of Hudgins' benefits. Under ERISA, "a party is a fiduciary only as to the activities which bring that person within the definition" of fiduciary in 29 U.S.C. § 1002(21)(A). Coleman v. Nationwide Life Ins. Co., 969 F.2d 54, 61 (4th Cir. 1992). Calculation of benefits is not a fiduciary duty within the meaning of § 1002(21)(A). 29 C.F.R. § 2509.75-8(D-2). Because calculation of benefits is not a fiduciary duty, Mathieu was not acting as a fiduciary in calculating Hudgins' benefits. She therefore could not have breached a fiduciary duty to the Plan in calculating Hudgins' benefits. Without a breach of fiduciary duty, there can be no liability under § 1109(a). Mathieu is not liable for the costs of the Hudgins litigation.

IV

The judgment of the district court is

AFFIRMED.

5